IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARTHA X. PENA, § | |
|    Plaintiff, § | |
| § | |
| v. § | No. 3:03-CV-1814-AH |
| § | |
| WYNDHAM ANATOLE HOTEL,[1] § | |
|    Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the written consents of the parties to proceed before a United States Magistrate Judge and the District Court's Transfer Order filed on February 24, 2004 in accordance with the provisions of 28 U.S.C. § 636(c), came on to be considered Defendant's Motion for Summary Judgment filed in this action on February 10, 2005

Findings and Conclusions:

*I. Background*

*A. Procedural*

Plaintiff Martha X. Pena (hereinafter "Plaintiff" or "Pena") brought suit against Defendant Wyndham Anatole Hotel (hereinafter "Defendant" or "Anatole") alleging that Defendant terminated her unlawfully on account of her age. (*See* Second Am. Compl.).

*B. Factual*

Plaintiff was employed by Defendant from 1996 until August 29, 2002. She contends that in 2000, Linda Gan became her new manager. It is her claim that Linda Gan and Trinidad Romero,

---

[1] In its motion for summary judgment, Defendant submits that it should be properly captioned as HEPC Anatole, Inc.

1

Linda Gan's assistant, harassed older employees in the housekeeping department in an effort to convince them to terminate their employment so that they could be replaced with younger workers. She alleges that, in this pursuit, Carmen Avila, Maria Herrera, and Alejandro Rojas harassed her and other protected employees, and deliberately sabotaged their performance reviews by placing trash or other items in the room after the employees had cleaned them but before Linda Gan or Trinidad Romero arrived to make evaluations, and that Linda Gan and Trinidad Romero were aware of these activities and encouraged them.

*II. Summary Judgment – standard of review*

To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10 (1986). The materiality of facts is determined by substantive law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994)(citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson*, 477 U.S. at 256-257, 106 S.Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Neither conclusory allegations nor hearsay statements are competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v.*

*Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the opponent's claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The court must resolve any factual controversies in favor of the non-moving party. *Richter v. Merchants Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). Thus, in reviewing all of the evidence, the court must consider it in a light most favorable to Plaintiff's claims, drawing all factual inferences therefrom and making all credibility determinations related therefrom in her favor. However, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552.

In this case, Plaintiff has failed to respond to Defendant's instant motion. Although Plaintiff's failure to respond does not permit the court to enter a "default" summary judgment, *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988), it does, however, permit the court to accept Defendant's evidence as undisputed. *See id.* (noting that when the non-movant submits no summary judgment response, the factual statements of the movant are properly taken as true); *Haile v. Town of Addison*, 264 F.Supp.2d. 464, 466 (N.D. Tex. 2003). In failing to respond to Defendant's motion Pena has not only failed to demonstrate the existence of genuine issues of fact, but also has failed to identify contradicting evidence in the record and to articulate the precise manner in which that evidence supports her claims. *See Ragas v. Tennessee Gas Pipeline Co.*, *supra*.

### III. Applicable Law

Defendant is prohibited by the federal Age Discrimination in Employment Act ("ADEA")from discriminating against its employees on the basis of age. 29 U.S.C. § 621 (2004) et.

3

seq. Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Plaintiff contends that Defendant terminated her employment for the purpose of replacing her with younger, less-skilled employees who would receive a lower wage and less vacation time. Defendant responds that Plaintiff was terminated for poor performance and that she can show no discriminatory animus as her position was filled with a worker within her protected class.

Plaintiff has presented only circumstantial evidence of discriminatory animus, therefore she must show the elements of the burden shifting analysis first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). *E.g. Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). Under this analysis, "plaintiff must first establish a prima facie case of age discrimination by showing that "(1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of discharge; and (4) [s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of h[er] age." *Id.*

It is uncontroverted that Plaintiff was within the protected class when she was terminated, and she has thus established the first and third prongs of the test. (*See* Def.'s Br. in Supp. of its Mot for Summ. J. at 3; Appx. to Def. HEPC Anatole, Inc.'s Mot. for Summ. J. at 12).[2]

---

[2]In her second amended complaint, Plaintiff contends that she was notified that she was terminated on August 29, 2002. Defendant states that it terminated Plaintiff effective August 21, 2002. (Def.'s Br. in Supp. of its Mot. for Summ. J. at 3). Plaintiff's birth date is either August 24 or August 28, 1954. (*See* Appx. to Def. HEPC Anatole, Inc.'s Mot. for Summ. J. at 12). Therefore Plaintiff was either 47 or 48 when she was terminated.

Defendant contends that Plaintiff was not qualified for the position because of her poor job performance. In the Fifth Circuit it is unclear whether an employer's assertion that a plaintiff's poor performance rendered the individual unqualified for the position which the plaintiff formerly occupied is sufficient to preclude the plaintiff's ability to establish the second element of a *prima facie* case. *See Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1506 (5th Cir. 1988)("a plaintiff challenging his termination or demotion can ordinarily establish a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action");[3] *but see Sreeram v. Louisiana State University Medical Center-Shreveport,* 188 F.3d 314, 318-19 (5th Cir. 1999)(hospital resident failed to prove that she was qualified for her position, as she had universal negative evaluations of her work in the position); *see also* discussion of this issue in *Kesterson v. R.R. Donnelley & Sons Co.,* No. 3:01-CV-1625-H, 2002 WL 923921 *2 (N.D. Tex. May 6, 2002). A determination on this matter is unnecessary, however, as Defendant has presented competent evidence that Plaintiff cannot satisfy the fourth element of a *prima facie* showing.

Defendant presented the affidavit of Michael Abela, its director of human resources, stating that Plaintiff's position was filled by an employee who was 63 years of age when hired. In addition, Michael Abela averred that in the three weeks following Plaintiff's termination, he hired two additional employees who were 43 and 51 years old at the time they were hired. (Appx. to Def. HEPC Anatole, Inc.'s Mot. for Summ. J. at 1-3). Abela also related that three

---

[3]As observed by the court in *Bienkowski*, a plaintiff's deficiency in performing assigned job requirements may be more appropriately addressed if the plaintiff seeks to demonstrate that the proffered nondiscriminatory basis for termination was pretextual, the final step in the *McDonnell-Douglas* burden shifting paradigm. *See* 851 F.2d at 1505.

5

housekeeping employees, all under the age of forty, were terminated for failing to meet the productivity standards established in January 2002.

Plaintiff alleged in her second amended complaint that comments about her age were made to her during her period of employment. She also testified about such comments in her deposition. (*See* Appx. to Def. HEPC Anatole, Inc.'s Mot. for Summ. J. at 27-31, 32A-34, 145-49, 161-63) However, these remarks would become relevant only if a *prima facie* showing were made and Plaintiff was seeking to demonstrate that Defendant's proffered reason for terminating her employment was pretextual. Given the undisputed fact that the remarks were made at least eighteen months prior to Plaintiff's termination, they constitute at most "stray remarks" which would in an of themselves be insufficient to create a fact issue on whether Defendant's stated reason for firing Plaintiff was pretextual. *See, e.g., Augusten v. Vermilion Parish*, 249 F.3d 400, 405 (5th Cir. 2001). In addition the remarks were made by low level employees who had no authority to hire or fire employees and constituted their subjective beliefs about Ms. Gan's attitude toward older employees. Ms. Pena having failed to meet her burden of demonstrating the existence of a *prima facie* case of age discrimination, Defendant is entitled to summary judgment.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. A copy of this order shall be transmitted to Plaintiff and counsel for Defendant.

**SIGNED** this 14th day of June, 2005.

_____
Wm. F. Sanderson, Jr.
United States Magistrate Judge